## BEVIER v. BEVIER.

1. **Evidence**: SIGNATURE: LEASE. A party seeking to establish the genuineness of the signature to an unrecorded lease has the burden of proof, and if the preponderance of testimony be against the genuineness any claim based thereon must fail.

*Appeal from Mitchell District Court.*

MONDAY, JUNE 10.

THIS action is brought to establish an unrecorded life lease upon one hundred and twenty acres of land as against a subsequent conveyance. The land was formerly owned by the plaintiff's wife. He avers that on the 3d day of June, 1868, his wife, Louisa A. Bevier, executed to him a life lease of the land. Immediately afterward she executed to the defendant (her and plaintiff's son) a deed of the land by way of gift. The plaintiff joined in the deed, and it was not made subject to any life lease. The conveyance was made, it appears,

because Mrs. Bevier was in feeble health and wished to make some provision for the defendant during her life-time. Soon afterward she died. The defendant took possession of the land in question, cultivated it and received the proceeds for several years, and made improvements. In the spring of 1876 a difficulty arose between plaintiff and defendant's wife, and he brought this action to establish his life lease, averring that at the time the defendant took possession, and commenced cultivating and improving the land, he had notice of plaintiff's life lease. The defendant denies that he had such notice; denies the execution of the lease, and denies the genuineness of what purports to be his mother's signature. The court rendered a decree establishing the lease. Defendant appeals.

*H. F. Miller* and *Cyrus Foreman*, for appellant

*L. M. Ryce*, for appellee.

ADAMS, J.—It was incumbent upon the plaintiff to prove

1. EVIDENCE: signature: lease.

the genuineness of the signature to the lease by a preponderance of evidence. Upon this point he testified that he was acquainted with his wife's handwriting, and that in his opinion the signature was genuine. He was not allowed to testify that he saw her write it, because the transaction was between him and a person then deceased, and the defendant claimed through such person. Two bankers were called as experts, who testified, from a comparison of the signature in question with admitted genuine signatures, that they believed the signature in question to be genuine. On the other hand, the defendant testified that he was acquainted with his mother's handwriting, and that in his opinion the signature in question was not genuine. He was corroborated by two bankers called as experts, who testified from a comparison of handwriting. So far the evidence might be regarded as substantially balanced. But the defendant called as a witness his brother, Hutchinson Bevier, a person thirty years old, who testified that he was acquainted

with his mother's handwriting, and did not think that the signature in question was genuine. We are unable to say, therefore, that the preponderance of evidence is in favor of plaintiff.

